IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

ZACHARY MOHON                                                                                    PLAINTIFF

v.                                                              CIVIL ACTION NO.: 3:21-cv-578-KHJ-MTP

BURL CAIN, SUPERINTENDENT MARCUS MCCLURE,
and OFFICER UNKNOWN VIVIAN                                                              DEFENDANTS

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court *sua sponte* upon Plaintiff's failure to prosecute this action and failure to comply with the Court's orders. For the reasons set forth herein, the undersigned recommends that this matter be dismissed without prejudice.

On September 9, 2021, Plaintiff filed his Complaint [1] alleging various violations of his constitutional rights while he was housed at Central Mississippi Correctional Facility. On November 4, 2021, Plaintiff filed a Change of Address [5] indicating that his address is 2015 Jesse Hall Road, Magnolia, Mississippi 39652, which is the address of the Pike County Community Work Center. On March 29, 2022, the Court set an Omnibus Hearing in this matter and sent a copy of the Order [16] to Plaintiff at his address of record. The Order, however, was returned as undeliverable. *See* Mail Return [18].

On April 18, 2022, the Court entered an Order to Show Cause [19], directing that "[o]n or before May 2, 2022, Plaintiff shall show cause, in writing, why this action should not be dismissed for failure to comply with the Court's orders." The Court warned Plaintiff that his failure to respond to the Order [19] may result in this action being dismissed without further notice. Plaintiff failed to respond to the Order [19] and has not filed anything of record or otherwise contacted the Court in over four months.

1

Plaintiff has a duty to advise the Court of his current address. In numerous orders, the Court informed Plaintiff that his failure to advise this Court of his current address will be deemed a purposeful delay and contumacious act by the Plaintiff and may result in the dismissal of this case. *See* Orders [3] [6] [9] [11].

Pursuant to Federal Rule of Civil Procedure 41(b), a trial court has discretionary authority to dismiss an action *sua sponte* for the plaintiff's failure to prosecute or comply with any order of the court. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962); *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). The power of the courts "to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to . . . clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief . . . so as to achieve the orderly and expeditious disposition of cases." *Link*, 370 U.S. at 629-31; *see also Lopez v. Aransas County Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978) (discussing trial court's Rule 41(b) discretionary authority). This case exemplifies the type of dilatoriness and inaction that warrants Rule 41(b) dismissal.

## RECOMMENDATION

As Plaintiff has failed in his obligation to prosecute his case and to comply with the Court's orders, the undersigned recommends that this matter be DISMISSED without prejudice pursuant to Federal Rule of Civil Procedure 41(b).

## NOTICE OF RIGHT TO OBJECT

In accordance with the Rules of this Court, any party, within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. The District Judge at that time may accept, reject or modify in whole or in part, the

3

recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

    This the 9th day of May, 2022.

                                      s/Michael T. Parker
                                      UNITED STATES MAGISTRATE JUDGE